SNYDER v. PAREZO et al.

(Supreme Court, Appellate Division, Second Department.   May 29, 1912.)

1. DESCENT AND DISTRIBUTION (§§ 19, 71*)—EXECUTORS AND ADMINISTRATORS (§ 438*)—PRESUMPTIONS—PARTIES.

Where a part owner of land disappears and is not heard from for 30 years, it will be presumed that at his death he left heirs; but no presumption arises that he made a will or nominated an executor, and so in a proceeding to partition the land the supposititious executor need not be made a party.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 11–13, 229–236; Dec. Dig. §§ 19, 71;* Executors and Administrators, Cent. Dig. §§ 1765–1785, 1790, 1791; Dec. Dig. § 438.*]

2. PROCESS (§ 31*)—DESIGNATION OF PARTIES—UNKNOWN DEFENDANTS.

On partition of land, where it appeared that one of the part owners had disappeared and had not been heard from for over 30 years, process which included his name and the fictitious names of others, who were designated as his wife and his heirs, was proper under Code Civ. Proc. § 451, providing that, where plaintiff is ignorant of the name or names of the defendants, he may designate them in the summons or other process by fictitious names; the process showing on its face that the names were fictitious names used to designate unknown parties.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 25; Dec. Dig. § 31.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Queens County.

Partition by Rose A. K. Snyder against Nellie K. Parezo and others, and J. Ward Hamblett, Jr., appeals from an order confirming a sale. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Arthur P. Hilton, of New York City, for appellant.

Louis Hess, of New York City (William F. Hendrickson, of New York City, on the brief), for respondents.

THOMAS, J. The purchaser upon sale of land in partition assails the jurisdiction of the court as to Lawrence and Edward Kelly, each, if alive, owner of a one-sixth interest, or as to those succeeding to their title. The two men disappeared in 1875 at the several ages of 25 and 23 years, and nothing has been since heard of them. They are by name made parties to the action, and as related to each, 13 names are included in the summons, recited as "being fictitious and being intended to designate the wife, if any, of the said Lawrence Kelly, and if he be dead, his widow, heirs at law, devisees and their legal representatives, and their wives, widows or husbands, if any, and the heirs at law, devisees and legal representatives of any who may be dead," and service by publication upon persons as above described was made or attempted. The objections are that Edward and Lawrence are presumed to have died; that there is no proof that persons interested through or under each do not exceed the number of fictitious names employed; that they are not described as unknown to plaintiff; that if unknown there is no warrant for their designation by fictitious names; that if the plaintiff knew the number of heirs, devisees, legatees, of defendants, but did not know their names, such persons should have been sued by fictitious names and described as being all the "heirs at law, devisees, legatees, executors or administrators of such persons"; that it was improper to describe them as a class; and that the executors or administrators of any such defendants who are dead are not made parties by section 1538 of the Code of Civil Procedure.

[1, 2] The order of publication was based upon evidence of the departure of Lawrence and Edward, as stated above, and absence of all information of them, and that none was obtainable, and so, if they be dead, as to their wives, widows, and heirs at law. In order words, all knowledge or information of them ceased with their departure and is beyond acquisition by the use of the diligence required by law. There are 13 names to cover all persons interested through either person. Should the notice come to the eye of a woman, the wife or widow, she would know whose wife or widow she is, and would find a name in the summons to which she could respond. Should it come to any person interested by law or will, he would know to whom he was related and could appear if he wished. He would not be permitted to meditate that the names published were limited and that those interested exceed, if such should be the fact, the stated number, and hence deem himself unnamed and unintended. If it be assumed that Lawrence was dead, the plaintiff could only know that there was a

presumption that he left heirs—a presumption justified, in fact, by the presence in the action of his sisters. But beyond this, the plaintiff did not know more than that the law presumed as once in existence human beings, heirs of Lawrence, if he be presumed dead. Their identity, their names, were unknown. They were mere unlocated creations of a legal presumption. Now, to these technical existences the summons allotted names. As the names were unknown, the supposititious persons were given fictitious names, and described as falling in one of several classes. This followed the Code of Civil Procedure (section 451). As they were, in fact, unknown, it was stated what relation they bore to Lawrence Kelly, viz., heirs.. What other description was possible?

It is true that it was not literally stated that they were unknown, but it was substantially stated. No person could read the title without knowing beyond doubt that it was not known whether Kelly was dead or alive, and that if he was dead, his heirs, etc., were summoned. A more rational exposition of ignorance of persons is not conceivable. The court was dealing with fictions of the law, and it so appeared in the summons. They come into existence by the naked presumption of law. By it they existed unknown and unknowable, unlocated and unplaceable, unnamed and unnamable, unidentifiable—mere unconditioned figments sprung from the legal fancy that Kelly did not die without heirs. But there is no presumption that Kelly left a will or nominated an executor, or that there was an executor of his estate, or that his heirs had married or died. To conjecture such things would be to pile speculation on a legal subtlety, and raise mere phantoms to be made parties to the action. The objections give rise to idle speculations that do nothing to strengthen title, but vex by delays and suspicions.

The order should be affirmed, with $10 costs and disbursements. All concur.